**Lone Star NGL Prod. Servs. LLC v Blackstone Energy Partners II L.P.**

2024 NY Slip Op 30792(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 650041/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

LONE STAR NGL PRODUCT SERVICES LLC

Petitioner,

- v -

BLACKSTONE ENERGY PARTNERS II L.P.,

Respondent.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650041/2024 |
| **MOTION DATE** | 01/03/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this petition to   ENFORCE SUBPOENA (UNIFORM INTERSTATE DEPOSITIONS AND DISCOVERY ACT)                      .

Petitioner Lone Star NGL Product Services LLC's ("Petitioner" or "Lone Star") Verified

Petition ("Petition" [NYSCEF 1]) to enforce a subpoena ("Subpoena" [NYSCEF 11]) issued to

Respondent Blackstone Energy Partners II L.P. ("Respondent" or "Blackstone") is **granted** to

the extent that Blackstone shall comply with the Subpoena and Blackstone may thereafter apply

for reimbursement of its "reasonable production expenses."

**A.  Background**

Petitioner issued the Subpoena for documents in connection with *Lone Star NGL Product*

*Services LLC v. EagleClaw Midstream Ventures, LLC and CR Permian Processing, LLC*, No.

2021-30388, pending before the 61st Judicial District Court of Harris County, Texas (the "Texas

Action").  On April 11, 2023, the Hon. Fredericka Phillips signed a Letter Rogatory requesting

that the Court enforce the Subpoena (NYSCEF 10).  The Subpoena was served on Blackstone in

New York on April 27, 2023 (NYSCEF 13).

650041/2024   LONE STAR NGL PRODUCT SERVICES LLC vs. BLACKSTONE ENERGY PARTNERS II L.P.
Motion No.  001

Page 1 of 5

In the Texas Action, Lone Star asserts claims against EagleClaw Midstream Ventures, LLC and CR Permian Processing, LLC (together, "EagleClaw") for diversion of "Y-Grade" natural gas liquids to which Lone Star claims ownership. Lone Star refers to the diversion as a "fake in kind" scheme – as opposed to legitimate "take in kind" provisions that permit producers, like EagleClaw, to retain ownership – to mislead Lone Star about the transfer of certain Y-Grade.

Blackstone is a private equity firm that controls several seats on EagleClaw's board of directors. Lone Star alleges that Blackstone possesses information relevant to the purported "fake in kind" scheme and, in particular, identifies twenty-three emails it believes are highly relevant.

Following the issuance of the Subpoena, counsel for Lone Star and Blackstone attempted to resolve their disputes through a meet-and-confer process. Counsel had two teleconferences and exchanged emails through November of 2023 (NYSCEF 14). The parties' efforts were sufficient to reduce the initial universe of approximately 40,000 responsive documents to 5,806 documents. However, the parties were unable to resolve their differences entirely, particularly on the issue of cost-shifting. The Petition was filed on January 3, 2024.

On January 16, 2023, counsel for Blackstone filed a letter in opposition (NYSCEF 28) in which it argues that (i) the discovery sought is duplicative of party discovery; (ii) Lone Star's proposed search terms are overly broad; (iii) there should be cost-shifting; and (iv) the Petition is premature because the parties did not meet-and-confer telephonically before the proceeding was filed.

**B. Discussion**

"CPLR 3119. . .known as the 'Uniform Interstate Depositions and Discovery Act,' provides a streamlined mechanism for disclosure in New York for use in an action that is

pending in another state or territory within the United States" (*Matter of Kapon v Koch*, 23 NY3d 32, 35 [2014]). The Texas Action Court has issued a Letter Rogatory, and the Court finds that the Subpoena does not seek duplicative or irrelevant material (*id., see Suresh v Krishnamani*, 212 AD3d 514, 514 [1st Dept 2023]). Further, 5,806 responsive documents are not an exceptionally large or burdensome amount in a complex commercial litigation (*Waltzer v Tradescape & Co., L.L.C.,* 31 AD3d 302, 303 [1st Dept 2006]). Accordingly, Blackstone must comply with the Subpoena.

However, Rule 11-c(e) of the Rules of the Commercial Division requires Lone Star to "promptly defray the reasonable production expenses associated with a non-party's production of ESI, in accordance with CPLR 3111 and 3122(d)." Appendix A to the Rules of the Commercial Division entitled Guidelines for Discovery of Electronically Stored Information ("ESI") provides that reasonable expenses may include, among other things, vendor as well as attorney's fees (*Barons Media, LLC v Shapiro Legal Group, PLLC*, 2023 N.Y. Slip Op. 32469[U], 4 [N.Y. Sup Ct, New York County 2023] *citing Exrp 14 Holdings LLC v LS-14 Ave LLC*, 2023 WL 4003693, [N.Y. Sup Ct, New York County 2023]). Accordingly, Blackstone may seek reimbursement for its reasonable production expenses following its compliance with the Subpoena (*Tener v Cremer*, 89 AD3d 75, 82 [1st Dept 2011]). Both parties have an incentive to keep costs "reasonable" as the Court will ultimately determine, barring a stipulated resolution, whether and to what extent cost shifting is warranted and what expenses were reasonable.

Finally, the Court rejects Blackstone's argument that Lone Star's motion is premature based on an alleged failure to confer telephonically before filing the Petition (22 NYCRR 202.20-f). Counsel for Lone Star submitted an affirmation stating that "Lone Star and Blackstone held meet and confer meetings by phone on May 25, 2023 and August 28, 2023"

650041/2024   LONE STAR NGL PRODUCT SERVICES LLC vs. BLACKSTONE ENERGY
PARTNERS II L.P.
Motion No. 001

Page 3 of 5

[* 3]

3 of 5

(NYSCEF 3). Additionally, the parties exchanged search terms, date ranges, custodian lists and discussed other issues by email for several months through November 2023 (NYSCEF 14) prior to the filing of the Petition in January 2024. Although the Court obviously encourages the parties to work cooperatively to resolve disputes before (and after) bringing them to the Court, it cannot conclude on this record that Lone Star acted prematurely in seeking relief. The points made by Blackstone may, however, be relevant in determining its reasonable production expenses in complying with the Subpoena.

*   *   *   *

Accordingly, it is

**ORDERED** that the Petitioner Lone Star's Petition is **GRANTED** insofar as Respondent Blackstone shall comply with the Subpoena by serving initial responses, documents, and a privilege log within thirty (30) days of this order and, if necessary, on a rolling basis thereafter; it is further

**ORDERED** that the parties work in good faith to resolve any further issues that may arise with respect to the Subpoena and comply with Rule 14 of the Rules of the Commercial Division before filing any discovery-related motions; it is further

**ORDERED** that Respondent Blackstone may apply for its reasonable production expenses following its compliance with the Subpoena. The parties are encouraged to resolve the cost-shifting issue informally and may seek a conference with the Court's Principal Law Clerk before filing any further motions.

650041/2024   LONE STAR NGL PRODUCT SERVICES LLC vs. BLACKSTONE ENERGY PARTNERS II L.P.
Motion No. 001

Page 4 of 5

4 of 5

This constitutes the decision and order of the Court.

20240312091926JMCOHEN8E6AAA47C14341399B7AE463BDC24FF2

__3/12/2024__
DATE

JOEL M. COHEN, J.S.C.

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

650041/2024    LONE STAR NGL PRODUCT SERVICES LLC vs. BLACKSTONE ENERGY PARTNERS II L.P.
Motion No. 001

Page 5 of 5

5 of 5